UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAILA ROHRER,<br><br>    Plaintiff,<br><br>v.<br><br>MIDEA AMERICA CORP., GD MIDEA AIR-CONDITIONING EQUIPMENT CO. LTD., AND AMAZON.COM SERVICES, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 2:26-cv-1202 |

## COMPLAINT

Plaintiff, Kaila Rohrer, by and through undersigned counsel, sues Defendants, Midea America Corp. ("Midea"), GD Midea Air-Conditioning Equipment Co., Ltd., ("GD Midea"), and Amazon.com Services, LLC ("Amazon") and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  That Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2.  That at all material times to this Complaint, Plaintiff, Kaila Rohrer, was a citizen and resident of Colorado Springs, CO.

3.  That at all times material hereto, Defendant Midea was and is a New Jersey corporation headquartered in Parsippany, New Jersey. It is a wholly owned subsidiary of Midea Group, a multinational appliance manufacturer headquartered in China.

1

4.      Defendant Midea is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.      That at all times material hereto, Defendant GD Midea was and is a Chinese corporation headquartered in Guangdong, China.

6.      Defendant GD Midea is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.      That at all times material hereto, Defendant Amazon was and is a foreign corporation headquartered in Seattle, WA.

8.      Defendant Amazon is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

9.      Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of New Jersey and Defendant, Midea resides within the District of New Jersey's jurisdiction.

## **NATURE OF ACTION**

10.     On or about July 10, 2021, Plaintiff purchased a U-shaped and/or U-shaped inverter window air-conditioner, Model Midea MAW12V1QWT ("A/C Unit") from Defendant Amazon.

11.    Upon information and belief, at all relevant times, the subject A/C Unit was designed, manufactured, marketed, imported, distributed and/or sold by Defendant(s) Midea, GD Midea, and/or Amazon.

12.    Upon information and belief, at all relevant times, Defendants, Midea and/or GD Midea and/or Amazon tested and inspected the A/C Unit in order to ensure that it was free from defects and safe for consumer use.

13.    The A/C Unit is a household appliance designed to be used to cool down and dehumidify indoor spaces.

14.    Thereafter, Plaintiff began using the A/C Unit and followed instructions enclosed within.

15.    On or about February 27, 2024, while Plaintiff, was in lawful possession of the A/C Unit, Plaintiff began experiencing mold exposure injury symptoms.

16.    On June 5, 2025, Defendant Midea issued a recall on the subject A/C Unit due to risk of mold exposure.

17.    Approximately 1.7 million A/C Unit was recalled by Midea and/or GD Midea as a result of a defect which causes water to pool in the air conditioners because it fails to drain quickly enough, which can lead to mold growth.[1]

18.    Mold exposure poses risks of respiratory issues or other infections to some consumers. *Id.*

19.    The A/C Unit had not been misused and had not been modified post-sale before it failed.

20.    As a direct and proximate result of the mold growing within the A/C Unit, Plaintiff suffered severe respiratory issues, resulting in pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and/or medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

---

[1] https://www.cpsc.gov/Recalls/2025/Midea-Recalls-About-1-7-Million-U-and-U-Window-Air-Conditioners-Due-to-Risk-of-Mold-Exposure

**TOLLING OF THE STATUTE OF LIMITATIONS**

21.    Defendants, at all relevant times, knew or should have known of the problems and defects with the Midea A/C Unit, and the falsity and misleading nature of Defendants' statements, representations and warranties with respect to the Midea A/C Unit. Defendants concealed and failed to notify Plaintiff and the public of such defects.

22.    Any applicable statute of limitation has therefore been tolled by Defendants' knowledge, active concealment and denial of the facts alleged herein, which behavior is ongoing.

**COUNT I – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT**
**N.J. Stat. § 2A:58C-1 et. seq. AGAINST MIDEA**

23.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

24.    At all relevant times, Defendant Midea engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling A/C Unit, including the A/C Unit at issue in this litigation.

25.    The A/C Unit failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

26.    The A/C Unit had not been misused post-sale before it failed.

27.    The A/C Unit was within their anticipated useful life when they failed.

28.    The A/C Unit failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

29.    Specifically, the A/C Unit was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming

4

that manufacturer knew of its dangerous condition.

30.     Under the New Jersey Products Liability Act, Midea is liable to Plaintiff for Plaintiff's injuries and damages for manufacturing, designing, distributing and selling A/C Unit, including the subject A/C Unit that were unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject A/C Unit did not conform the all implied and express warranties made by Midea.

31.     That unreasonably dangerous condition and/or defect proximately caused severe respiratory issues and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

32.     Therefore, Defendant Midea is liable to Plaintiff for the aforementioned injuries caused by the defective A/C Unit.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Midea America Corp., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST GD MIDEA

33.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

34.     At all relevant times, Defendant GD Midea engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling A/C Unit, including the A/C Unit at issue in this litigation.

35.     The A/C Unit failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

36.     The A/C Unit had not been misused post-sale before it failed.

37.    The A/C Unit was within its anticipated useful life when it failed.

38.    The A/C Unit failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

39.    Specifically, the A/C Unit was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

40.    Under the New Jersey Products Liability Act, GD Midea is liable to Plaintiff for Plaintiff's injuries and damages for manufacturing, designing, distributing and selling A/C Unit, including the subject A/C Unit that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject A/C Unit did not conform the all implied and express warranties made by GD Midea.

41.    That unreasonably dangerous condition and/or defect proximately caused severe respiratory issues and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

42.    Therefore, Defendant GD Midea is liable to Plaintiff for the aforementioned injuries caused by the defective A/C Unit.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, GD Midea Air-Conditioning Equipment Co., Ltd., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT III – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST AMAZON

43.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

44.     At all relevant times, Defendant Amazon engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling A/C Unit, including the A/C Unit at issue in this litigation.

45.     The A/C Unit failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

46.     The A/C Unit had not been misused post-sale before it failed.

47.     The A/C Unit was within its anticipated useful life when it failed.

48.     The A/C Unit failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

49.     Specifically, the A/C Unit was unreasonably dangerous and/or defective in that:

a.     it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.     a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

50.     Under the New Jersey Products Liability Act, Amazon is liable to Plaintiff for Plaintiff's injuries and damages for manufacturing, designing, distributing and selling A/C Unit, including the subject A/C Unit that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject A/C Unit did not conform the all implied and express warranties made by Amazon.

51.     That unreasonably dangerous condition and/or defect proximately caused severe respiratory issues and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing

care and treatment.

52.     Therefore, Defendant Amazon is liable to Plaintiff for the aforementioned injuries caused by the defective A/C Unit.

        **WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>**COUNT IV – PRODUCT LIABILITY ACT — DEFECTIVE DESIGN**</u>
<u>**N.J. Stat. § 2A:58C-1 et. seq. AGAINST MIDEA**</u>

53.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

54.     Midea A/C Unit are defective in their design or formulation in that they are not reasonably fit, suitable, or safe for their intended purpose and/or their foreseeable risks exceed the benefits associated with their design and formulation.

55.     At all times material to this action, Midea A/C Unit was expected to reach, and did reach, consumers in Plaintiff's home state and throughout the United States, including receipt by Plaintiff, without substantial change in the condition in which it was sold.

56.     Alternatively, the subject A/C Unit, including that which was used by Plaintiff, was defective in one or more of the following ways:

        a.      When placed in the stream of commerce, Midea A/C Unit contained unreasonably dangerous design defects and were not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the subject product, including, but not limited to, permanent personal injuries including, but not limited to, mold exposure other serious injuries and side effects;

        b.      When placed in the stream of commerce, Midea A/C Unit was defective in

design and formulation, making the use of Midea A/C Unit more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with other air conditioning units on the market;

c.  The design defects of Midea A/C Unit existed before they left the control of Defendant;

d.  Midea A/C Unit was insufficiently and inadequately tested;

e.  Midea A/C Unit caused harmful health issues that outweighed any potential utility; and/or

f.  Midea A/C Unit was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the health risks associated with its use, thereby rendering Defendant liable to Plaintiff.

57.  In addition, at the time the subject product left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible – indeed they were already on the market – and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Midea America Corp., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – PRODUCT LIABILITY ACT — DEFECTIVE DESIGN
### N.J. Stat. § 2A:58C-1 et. seq. AGAINST GD MIDEA

58.  Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

9

59.     Midea A/C Unit are defective in their design or formulation in that they are not reasonably fit, suitable, or safe for their intended purpose and/or their foreseeable risks exceed the benefits associated with their design and formulation.

60.     At all times material to this action, Midea A/C Unit was expected to reach, and did reach, consumers in Plaintiff's home state and throughout the United States, including receipt by Plaintiff, without substantial change in the condition in which it was sold.

61.     Alternatively, the subject A/C Unit, including that which was used by Plaintiff, was defective in one or more of the following ways:

   a.     When placed in the stream of commerce, Midea A/C Unit contained unreasonably dangerous design defects and were not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the subject product, including, but not limited to, permanent personal injuries including, but not limited to, mold exposure other serious injuries and side effects;

   b.     When placed in the stream of commerce, Midea A/C Unit was defective in design and formulation, making the use of Midea A/C Unit more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with other air conditioning units on the market;

   c.     The design defects of Midea A/C Unit existed before they left the control of Defendant;

   d.     Midea A/C Unit was insufficiently and inadequately tested;

   e.     Midea A/C Unit caused harmful health issues that outweighed any potential utility; and/or

   f.     Midea A/C Unit was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of

the health risks associated with its use, thereby rendering Defendant liable to Plaintiff.

62. In addition, at the time the subject product left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible – indeed they were already on the market – and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility.

WHEREFORE, Plaintiff, Kaila Rohrer, demands judgment against Defendant, GD Midea, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – PRODUCT LIABILITY ACT — DEFECTIVE DESIGN
### N.J. Stat. § 2A:58C-1 et. seq. AGAINST AMAZON

63. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

64. Midea A/C Unit are defective in their design or formulation in that they are not reasonably fit, suitable, or safe for their intended purpose and/or their foreseeable risks exceed the benefits associated with their design and formulation.

65. At all times material to this action, Midea A/C Unit was expected to reach, and did reach, consumers in Plaintiff's home state and throughout the United States, including receipt by Plaintiff, without substantial change in the condition in which it was sold.

66. Alternatively, the subject A/C Unit, including that which was used by Plaintiff, was defective in one or more of the following ways:

a. When placed in the stream of commerce, Midea A/C Unit contained unreasonably dangerous design defects and were not reasonably safe as

intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the subject product, including, but not limited to, permanent personal injuries including, but not limited to, mold exposure other serious injuries and side effects;

b.  When placed in the stream of commerce, Midea A/C Unit was defective in design and formulation, making the use of Midea A/C Unit more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with other air conditioning units on the market;

c.  The design defects of Midea A/C Unit existed before they left the control of Defendant;

d.  Midea A/C Unit was insufficiently and inadequately tested;

e.  Midea A/C Unit caused harmful health issues that outweighed any potential utility; and/or

f.  Midea A/C Unit was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the health risks associated with its use, thereby rendering Defendant liable to Plaintiff.

67.  In addition, at the time the subject product left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible – indeed they were already on the market – and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VII – PRODUCT LIABILITY ACT — FAILURE TO WARN
### N.J. Stat. § 2A:58C-1 et. seq. AGAINST MIDEA

68.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

69.     Midea A/C Unit was defective and unreasonably dangerous when they left the possession of Defendant in that they contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous health risks associated with the use of the subject a/c units, including but not limited to their propensity to cause and/or contribute to permanent physical injuries including, but not limited to, developing respiratory issues due to mold exposure and other serious injuries; notwithstanding Defendant's knowledge of an increased risk of these injuries. Thus, the subject A/C Unit was unreasonably dangerous because an adequate warning was not provided as required pursuant to N.J.S.A. 2A:58C-1, et seq.

70.     The subject A/C Unit manufactured, marketed, imported, distributed and/or sold by Defendant were defective due to inadequate post-marketing warnings or instructions because, after Defendant knew or should have known of the risk of serious bodily harm from the use of the subject products, Defendant failed to provide an adequate warning to consumers of the defects of the products, and/or alternatively failed to conform to federal and/or state requirements for labeling, warnings and instructions, while knowing that the products could cause serious injury.

71.     Plaintiff purchased and used the subject A/C Unit for its intended purpose.

72.     Plaintiff could not have discovered any defect in the subject products through the exercise of reasonable care.

73.     Defendant, as a manufacturer, marketer, importer, distributor and/or seller of the subject

13

A/C Unit, are held to the level of knowledge of an expert in the field.

74.     The warnings that were given by Defendant were not accurate, clear, and/or were ambiguous.

75.     Defendant had a continuing duty to warn Plaintiff of the dangers associated with the subject A/C Unit.

76.     Had Plaintiff received adequate warnings regarding the risks of the subject A/C Unit, Plaintiff would not have used it and/or would have chosen a different unit and brand.

        **WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Midea America Corp., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VIII – PRODUCT LIABILITY ACT — FAILURE TO WARN
## N.J. Stat. § 2A:58C-1 et. seq. AGAINST GD MIDEA

77.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

78.     Midea A/C Unit was defective and unreasonably dangerous when they left the possession of Defendant in that they contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous health risks associated with the use of the subject a/c units, including but not limited to their propensity to cause and/or contribute to permanent physical injuries including, but not limited to, developing respiratory issues due to mold exposure and other serious injuries; notwithstanding Defendant's knowledge of an increased risk of these injuries. Thus, the subject A/C Unit was unreasonably dangerous because an adequate warning was not provided as required pursuant to N.J.S.A. 2A:58C-1, et seq.

79.     The subject A/C Unit manufactured, marketed, imported, distributed and/or sold by Defendant were defective due to inadequate post-marketing warnings or instructions because, after Defendant knew or should have known of the risk of serious bodily harm from the use of the

subject products, Defendant failed to provide an adequate warning to consumers of the defects of the products, and/or alternatively failed to conform to federal and/or state requirements for labeling, warnings and instructions, while knowing that the products could cause serious injury.

80. Plaintiff purchased and used the subject A/C Unit for its intended purpose.

81. Plaintiff could not have discovered any defect in the subject products through the exercise of reasonable care.

82. Defendant, as a manufacturer, marketer, importer, distributor and/or seller of the subject A/C Unit, are held to the level of knowledge of an expert in the field.

83. The warnings that were given by Defendant were not accurate, clear, and/or were ambiguous.

84. Defendant had a continuing duty to warn Plaintiff of the dangers associated with the subject A/C Unit.

85. Had Plaintiff received adequate warnings regarding the risks of the subject A/C Unit, Plaintiff would not have used it and/or would have chosen a different unit and brand.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, GD Midea, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT IX – PRODUCT LIABILITY ACT — FAILURE TO WARN
### N.J. Stat. § 2A:58C-1 et. seq. AGAINST AMAZON

86. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

87. Midea A/C Unit was defective and unreasonably dangerous when they left the possession of Defendant in that they contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous health risks associated with the use of the subject a/c units, including but not limited to their propensity to cause and/or contribute to permanent physical injuries including, but

not limited to, developing respiratory issues due to mold exposure and other serious injuries; notwithstanding Defendant's knowledge of an increased risk of these injuries. Thus, the subject A/C Unit was unreasonably dangerous because an adequate warning was not provided as required pursuant to N.J.S.A. 2A:58C-1, et seq.

88.    The subject A/C Unit manufactured, marketed, imported, distributed and/or sold by Defendant were defective due to inadequate post-marketing warnings or instructions because, after Defendant knew or should have known of the risk of serious bodily harm from the use of the subject products, Defendant failed to provide an adequate warning to consumers of the defects of the products, and/or alternatively failed to conform to federal and/or state requirements for labeling, warnings and instructions, while knowing that the products could cause serious injury.

89.    Plaintiff purchased and used the subject A/C Unit for its intended purpose.

90.    Plaintiff could not have discovered any defect in the subject products through the exercise of reasonable care.

91.    Defendant, as a manufacturer, marketer, importer, distributor and/or seller of the subject A/C Unit, are held to the level of knowledge of an expert in the field.

92.    The warnings that were given by Defendant were not accurate, clear, and/or were ambiguous.

93.    Defendant had a continuing duty to warn Plaintiff of the dangers associated with the subject A/C Unit.

94.    Had Plaintiff received adequate warnings regarding the risks of the subject A/C Unit, Plaintiff would not have used it and/or would have chosen a different unit and brand.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – BREACH OF EXPRESS WARRANTY
## N.J. Stat. § 2A:58C-1 et. seq. AGAINST MIDEA

95.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

96.    Defendant expressly represented to Plaintiff, and other consumers, that the Midea A/C Unit was safe and fit for their intended purposes, were of merchantable quality, did not produce any dangerous health risks, and had been adequately tested.

97.    Upon information and belief, the subject Midea A/C Unit does not conform to Defendant's express representations because they are not safe, have numerous and serious health risks, and cause severe and permanent injuries, including, but not limited to, mold exposure, respiratory issues and other serious injuries and side effects.

98.    At the time of the making of the express warranties, Defendant knew, or in the exercise of reasonable care should have known, of the purpose for which the subject products were to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

99.    The subject products were unreasonably dangerous because they failed to conform to an express warranty of Defendant.

100.    At the time of the making of the express warranties, Defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and/or untrue in that the subject products were not safe and fit for their intended use and, in fact, produce serious injuries to the user.

101.    At all relevant times the Midea A/C Unit did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Midea America Corp., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XI – BREACH OF EXPRESS WARRANTY
### N.J. Stat. § 2A:58C-1 et. seq. AGAINST GD MIDEA

102.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

103.    Defendant expressly represented to Plaintiff, and other consumers, that the Midea A/C Unit was safe and fit for their intended purposes, were of merchantable quality, did not produce any dangerous health risks, and had been adequately tested.

104.    Upon information and belief, the subject Midea A/C Unit does not conform to Defendant's express representations because they are not safe, have numerous and serious health risks, and cause severe and permanent injuries, including, but not limited to, mold exposure, respiratory issues and other serious injuries and side effects.

105.    At the time of the making of the express warranties, Defendant knew, or in the exercise of reasonable care should have known, of the purpose for which the subject products were to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

106.    The subject products were unreasonably dangerous because they failed to conform to an express warranty of Defendant.

107.    At the time of the making of the express warranties, Defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and/or untrue in that the subject products were not safe and fit for their intended use and, in fact, produce serious injuries to the user.

108.    At all relevant times the Midea A/C Unit did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

**WHEREFORE**, Plaintiff, Kaila Rohrer, demands judgment against Defendant, GD Midea, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XII – BREACH OF EXPRESS WARRANTY
## N.J. Stat. § 2A:58C-1 et. seq. AGAINST AMAZON

109.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

110.    Defendant expressly represented to Plaintiff, and other consumers, that the Midea A/C Unit was safe and fit for their intended purposes, were of merchantable quality, did not produce any dangerous health risks, and had been adequately tested.

111.    Upon information and belief, the subject Midea A/C Unit does not conform to Defendant's express representations because they are not safe, have numerous and serious health risks, and cause severe and permanent injuries, including, but not limited to, mold exposure, respiratory issues and other serious injuries and side effects.

112.    At the time of the making of the express warranties, Defendant knew, or in the exercise of reasonable care should have known, of the purpose for which the subject products were to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

113.    The subject products were unreasonably dangerous because they failed to conform to an express warranty of Defendant.

114.    At the time of the making of the express warranties, Defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and/or untrue in that the subject products were not safe and fit for their intended use and, in fact, produce serious injuries to the user.

115.    At all relevant times the Midea A/C Unit did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

WHEREFORE, Plaintiff, Kaila Rohrer, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff demands judgment against all Defendants for all causes of action, seeking compensatory damages, interest, attorneys' fees, costs of suit, and any such other relief as the Court deems just and proper.

Signed on 02/06/2026.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:    954-659-1605 x 222
Facsimile:    954-659-1380
Email: jason@victimaid.com

By: */s/ Jason Turchin, Esq.*
JASON TURCHIN, ESQ.
NJ Attorney ID No. 274822018

20